UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                    Case No. 10-82047-WRS
                                                                         Chapter 13
NASIR AREEB SYED,

    Debtor

**MEMORANDUM DECISION**

This case came before the court for a telephonic hearing on September 25, 2018, on the Debtor's Motion to Avoid Judicial Lien (Doc. 94). The debtor was present by counsel Marrell J. McNeal, and creditor Ahsan Sajjad was present, *pro se*. The motion was initially denied without prejudice for lack of detail. On October 4, 2018, Debtor filed another motion to avoid Mr. Sajjad's judgment lien. Mr. Sajjad filed his objection on October 23, 2018 (Doc. 103). For the following reasons, the court GRANTS in part and DENIES in part Debtor's Motion to Avoid Judicial Lien.

**I. Facts**

Debtor Nasir Syed filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on December 21, 2010 and received a discharge on August 1, 2016. Prior to the bankruptcy, Ahsan Sajjad won a judgment against the debtor in a California Court in the amount of $174,180.00. On May 3, 2010, the California judgment was domesticated in the Circuit Court of Lee County, Alabama and was recorded. The debtor's residence is subject to a first mortgage in the amount of $218,935.77. At the time of filing, the real property securing the mortgage was valued at $212,230.00. Meaning that the debtor had no equity in his property at the time of filing. On August 3, 2018, debtor moved to reopen his bankruptcy case in order to avoid

the judgment lien of Mr. Sajjad. Debtor claims that he was entitled to homestead and personal property exemptions at the time of filing the bankruptcy and that Mr. Sajjad's judgment lien impairs those exemptions.

## II. Law

### A. Jurisdiction

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). This is a final order.

### B. Avoidance of the Lien

Section 522(f) of the Bankruptcy Code allows a debtor to avoid a judicial lien to the extent that it impairs an exemption. *In re Lehman*, 205 F.3d 1255, 1256 (11th Cir. 2000). When determining the application of § 522(f), courts look to whether a lien impairs an exemption to which the debtor would have been entitled if not for the lien itself. *Owen v. Owen*, 500 U.S. 305, 311 (1991). Section 522(f) states:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of— (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens

§ 522(f)(2)(A). When "the amount of the impairment is greater than the amount of the lien sought to be avoided, the lien is avoided in full." *In re Jakubowski*, 198 B.R. 262, 264 (Bankr. N.D. Ohio 1996); *Holland v. Star Bank, N.A. (In re Holland)*, 151 F.3d 547, 550 (6th Cir.1998) *East Cambridge Sav. Bank v. Silveira (In re Silveira)*, 141 F.3d 34, 38 (1st Cir.1998). A judicial

2

lien may still be avoided under § 522(f) even if the debtor has no equity in the property on the petition date. *In re Thigpen*, 374 B.R. 374, 377 (Bankr. S.D. Ga. 2007); *In re Taras*, 304 B.R. 912 (Bankr. N.D. Ga. 2004); *See also In re Holloway*, 81 F.3d 1062, 1070 n. 10 (11th Cir. 1996) (noting, "[t]he interpretation of § 522(f) offered by debtors - that judicial liens can be avoided even if property is fully encumbered - has now been written into the federal law by virtue of an explicit formula").

### 1. Homestead Exemption

At the time of filing, under Alabama Code § 6-10-2, the debtor was entitled to a homestead exemption of $5,000. To determine the extent to which the exemption is impaired, we add $218,935.77 (sum of the BB&T Mortgage), $174,188.00 (sum of the judgment lien), $5,000 (the homestead exemption), then subtract $212,230.00 (debtor's interest in the property absent liens). This total is $185,893.77 which is greater than $174,188.00 (the lien sought to be avoided). Because the amount of the impairment is greater than the amount of the lien the debtor seeks to avoid, the judgment lien on the house is avoided in full.

### 2. Personal Property Exemption

The debtor was also entitled to a personal property exemption of $3,000 under Alabama Code § 6-10-6. The attorney for the debtor incorrectly argued that the personal property exemption is fully encumbered. When determining the extent to which the exemption is impaired, the court adds $600 (BB&T Car Loan), $174,188.00 (the judgment lien), $3,000 (the personal property exemption), then subtracts $11,078.53 (the debtors interest in the personal property absent liens). This total is $166,709.53, which is less than $174,188.00 (the lien sought

3

to be avoided). Thus, the lien is not avoidable in full. Instead, the debtor may avoid the lien except for $7,478.47 ($174,188.00 minus $166,709.53). *See In re Nichol*, No. 08 B 19054, 2009 WL 412890, at *6 (Bankr. N.D. Ill. Feb. 6, 2009) (providing a clear example of how the mathematical formula of § 522(f) operates when the amount of the impairment is less than the amount of the lien the debtor seeks to avoid).

### C. Timeliness

"A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause. 11 U.S.C.A. § 350(b). Further, "[n]o time limit is prescribed in the Bankruptcy Code or in the Federal Rules of Bankruptcy Procedure for a debtor to bring a motion under § 522(f)(1)." *In re Nichol*, 2009 WL 412890, at *5; *In re Hall*, 327 B.R. 424, 426 (Bankr. W.D. Mo. 2005). Thus, absent prejudice, lien avoidance actions are not bared by the closing of the bankruptcy case. *In re Jacobs*, 154 B.R. 359, 361 (Bankr. S.D. Fla. 1992) (allowing a debtor to reopen a case and avoid a judicial line almost two years after receiving discharge); *In re Thigpen*, 374 B.R. at 375 (holding a debtor can reopen the case and claim an exemption over three years after receiving discharge); *In re Goswami*, 304 B.R. 386, 392 (9th Cir.BAP2003); *In re Glover*, No. 00-06680-6B3, 2001 WL 1825795, at *2 (Bankr. M.D. Fla. July 31, 2001).

Here, there is no issue of timeliness. While two years have passed since the entry of discharge and this motion to avoid the lien, the creditors have not shown or posited that the debtor's motion to avoid the lien is fraudulent or that it has had a prejudicial impact on their interests. Further, the creditor's response does not cite any law or raise anything more than a generalized allegation of unfairness.

4

Case 10-82047    Doc 104    Filed 12/06/18    Entered 12/06/18 11:13:00    Desc Main
                            Document      Page 4 of 5

### III. Conclusion

11 U.S.C. § 522(f) allows a debtor to avoid a judicial lien that impairs a valid exemption. At the time of filing, the debtor was entitled to a $5,000 homestead exemption. Sajjad's judicial lien completely impairs Debtor's exemption and therefore, it should be avoided in full. However, because the amount of the personal property impairment does not exceed the amount of the judicial lien, that lien can only be partially avoided. Therefore, the judgment lien on any personal property is avoided except for $7,478.47. If Sajjad can identify personal property which is subject to his judgment lien, he may proceed against it. As he has not done so, the court will not act further on this matter.

Done this 4th day of December, 2018.

United States Bankruptcy Judge

c: Marrell J. McNeal, Attorney for Debtor
   Ahsan Sajjad
   Sabrina L. McKinney, Trustee